UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RAUL RIVERA,

                        Petitioner,                  23 CV 768 (CM)

-against-                                                   98 CR 290-03 (CM)

UNITED STATES OF AMERICA,

                        Respondent.
-------------------------------------------------------------x

DECISION ON PETITIONER'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255

McMahon, J.:

This Court sentenced Raul Rivera 23-years ago to life imprisonment in connection with his convictions on racketeering and firearms offenses. He is currently serving his sentence at Schuylkill Federal Correctional Institution.

Presently before the Court is Rivera's second or successive petition, pursuant to 28 U.S.C. § 2255, to vacate his firearms conviction under 18 U.S.C. § 924 (c). (*See United States v. Raul Rivera*, 98 Cr 290 (CM) Dkt. 240-242). The Court of Appeals granted Petitioner's motion for leave to file a successive 28 U.S.C. § 2255 and transferred the case to the district court pursuant to 28 U.S.C. § 1631. The Circuit Court found that Petitioner had made a prima-facie showing that the proposed § 2255 motion satisfied the requirements of § 2255(h). *Raul Rivera v. United States*, 16-3311, (2d Cir. October 1, 2020). Rivera argues that his § 924(c) conviction is invalid in light of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).[1]

---

[1] For the reader unfamiliar with the *Johnson/Davis* "crime of violence" line of cases: At the time of Rivera's conviction in 2000, Title 18, United States Code, Section 924(c)(3) defined "crime of violence" as a "felony offense" that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A) or "that by its nature, involves a substantial risk that physical force against

1

The Government has filed opposition papers asking the Court to dismiss Rivera's petition. The Government argues that: (1) Rivera's claim is not cognizable under § 2255 because he is already serving a life sentence on a separate count of conviction; (2) Rivera's claim does not qualify as a ground for relief in a successive § 2255 motion; (3) Rivera's claim is procedurally defaulted, and the default is not excused; and (4) Rivera's claim fails on the merits because his § 924(c) conviction is supported by an indisputably valid predicate "crime of violence."

For the reasons stated herein, the motion is denied, and the petition is dismissed.

Background

In 2000, a jury convicted Rivera of (1) conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) (Count One); (2) murder in aid of racketeering, in violation of §§ 1959(a)(1) and 2 (Count Two); (3) using and carrying a firearm during and in relation to a crime of violence, in violation of §§ 924(c) and 2 (Count Three); and (4) distribution of five grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four). (Trial Transcript, hereinafter "Trial Tr.," 2075-77). Counts One through Three were premised on Rivera's participation in the murder of Efraim Torres by members of the Latin Kings gang. (December 14, 2000 Presentence Investigation Report, hereinafter "PSR," ¶¶ 12-22). Rivera, who

---

the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B). The first of these definitions is known as the "physical force clause," and the second as the "risk of force clause" or "residual clause." However, in 2019, the Supreme Court held the residual clause of Section 924(c) to be unconstitutionally vague in-light-of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Davis*, 139 S. Ct. 2319 at 2325-27, 2336. The *Davis* Court rejected the contention that Section 924(c)(3)(B)'s vagueness concerns could be avoided by applying the statute to a defendant's case-specific conduct with a jury making the requisite findings about the nature of the predicate offense and the attendant risk of physical force being used in its commission. *Id.* at 2334-36. Rather, *Davis* held that the categorical approach applied in which courts "had to disregard how the defendant actually committed his crime" and "imagine the idealized ordinary case of the defendant's crime." *Id.* at 2336 (internal quotation marks and citation omitted). However, in neither *Davis*, nor *Dimaya*, nor *Johnson* did the Court suggest that the language of the "elements of force" clause (§ 924(c)(A)) was suspect.

2

held a leadership position within the gang, organized a "death squad" to kill Torres, provided the firearm to the designated triggerman for the purpose of killing Torres, and engaged in other acts to aid and abet Torres's murder. (*See* PSR ¶¶ 17-21).

Count Two—the murder in aid of racketeering count—charged Rivera with the intentional murder of Torres in violation of the New York second-degree murder statute, New York Penal Law ("N.Y.P.L.") § 125.25 (1) and § 20.0.[2] Count Three—the § 924(c) count— identified two predicate crimes of violence: the conspiracy to murder Torres in aid of racketeering, as charged in Count One, and the murder of Torres in aid of racketeering, as charged in Count Two. (Trial Tr. 1992-93). The Court instructed the jury that for purposes of the § 924(c) count, both the conspiracy to murder Torres charged in Count One and the murder of Torres charged in Count Two were crimes of violence, and that the jury had to be unanimous "as to which crime of violence – Count One, Count Two, or both – the defendant . . . used or carried the firearm." (Trial Tr. 1993). As noted, the jury separately convicted Rivera of both the predicates alleged. (Trial Tr. 2075-77).

The Court sentenced Rivera to life imprisonment on Count Two, to a consecutive five-year term of imprisonment on Count Three, and to two 10-year terms of imprisonment on Counts One and Four to run concurrently with the life sentence on Count Two. (*See* Transcript of Dec. 14, 2000). The Second Circuit affirmed the conviction and sentence. *See United States v. Rivera*, 60 F. App'x 854 (2d Cir. 2003).

In 2005, the Court denied Rivera's first motion pursuant to § 2255, and in 2014 the Court

---

[2] N.Y.P.L. § 125.25(1) provides that a person is guilty of murder in the second degree when "[w]ith intent to cause the death of another person, he or she causes the death of such person." *See also* Trial Tr. 1989 (instructing jury that in order to find a defendant guilty of murdering Torres as charged in Count Two, it must find that the government proved beyond a reasonable doubt that the defendant "intended to cause the death" of Torres and "did, in fact, cause the death" of Torres).

3

rejected Rivera's attempt to file a second or successive motion pursuant to § 2255.

On October 1, 2020, the Second Circuit granted Rivera leave to file a successive § 2555 motion seeking to vacate his § 924(c) conviction:

> Petitioner has made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h). . . . We acknowledge that Petitioner's § 924(c) conviction might still be supported by a valid predicate, even if the other predicate is no longer valid after *Johnson* and *Davis*. However, making that determination in the present case would require detailed review of the criminal proceedings and factfinding that the district court is better suited to perform, particularly since portions of the record are not currently available to this Court. More importantly, that type of detailed review and factfinding is generally inappropriate in a gatekeeping proceeding where the Court only needs to determine whether a *prima-facie* showing has been made and the Court is statutorily required to reach a decision quickly (or as quickly as circumstances permit). *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019).
>
> As a consequence of our order, the district court will have the preliminary task of determining whether the claims in Petitioner's § 2255 motion – as to which we have only concluded that a prima facie showing has been made – satisfy the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h). *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018).

*See Raul Rivera v. United States*, 16-3311, (2d Cir. October 1, 2020).

Government Arguments for Dismissing Petition Without Reaching Merits

The mandate directs this court, in its penultimate paragraph, to decide whether petitioner's § 924(c) conviction is supported by a still-valid predicate (i.e., the Murder charged in Count 2, pursuant to 18 U.S.C. § 1959(a)(1)), even though the other predicate is no longer valid after *Johnson* and *Davis* (i.e., the Conspiracy to Murder charged in Count 1, under 18 U.S.C. § 1959(a)(5)). However, the Circuit also instructs the Court to determine whether the claims in Petitioner's § 2255 motion satisfy the threshold requirements governing successive § 2255 motions. The Government, seizing on this language (and reading it expansively), urges the Court to dismiss Rivera's petition on the grounds that: (1) Rivera is already serving a life sentence on a

separate count of conviction, rendering any victory on his motion Pyrrhic; (2) Rivera's claim does not qualify as a ground for relief in a successive § 2255 motion because his § 924(c) conviction was based on the still constitutional "elements" clause; and (3) Rivera's claim is procedurally defaulted because he did not pursue it in his original appeal, and the default is not excused.

*Concurrent Sentence Doctrine*

Among the legal theories that the Government has advanced in favor of the Court's never reaching the merits of Rivera's *Davis* claim is the so called "concurrent sentence doctrine." The concurrent sentence doctrine is "a rule of judicial convenience" that "allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences since a ruling in the defendant's favor would not reduce the time served or otherwise prejudice him in any way." *Kassir v. United States*, 3 F.4th 556, 561 n.15 (2d Cir. 2021). In this case, because Rivera has been sentenced to a term of life imprisonment on Count Two, even if the Court were to vacate Rivera's conviction on Count Three, his sentence would not be "reduced," because it is impossible to serve a five year "consecutive" sentence after completing a life sentence.

While the concurrent sentence doctrine is often not applicable on direct appeals (*see Ray v. United States*, 481 U.S. 736, 737 (1987)), the Second Circuit has recognized that the doctrine may apply to a § 2255 collateral challenge to a conviction. *Kassir* at 564. In deciding whether to decline review of a claim pursuant to the concurrent sentence doctrine, a court may consider the factors identified in *United States v. Vargas*, 615 F.2d 952, 959-60 (2d Cir. 1980). These "*Vargas* factors" are "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Kassir*, 3 F.4th at

568.

Here the *Vargas* factors would appear to provide support for the Court to dismiss Rivera's petition without reaching the merits of his *Davis* claim: The resolution of Rivera's claim will not affect his eligibility for parole; Rivera is unlikely to be subject to any recidivist statute for a future offense, since he is in prison for life; the unreviewed conviction is unlikely to be used to impeach his character at a future trial or affect his future chances for a potential pardon; and the unreviewed conviction is unlikely to subject Rivera to "societal stigma," especially in comparison to the stigma already carried by his unchallenged conviction for murder.

That said, the Court declines to dismiss Rivera' petition based on the concurrent sentence doctrine. The Circuit directed this Court to answer a specific question: Whether petitioner's § 924(c) conviction was supported by a still valid predicate. While the Circuit also directed this Court to triage the petition for compliance with the requirements governing successive § 2255 motions, the possible applicability of the concurrent sentence doctrine is not part of that analysis. If the Court were to preemptively dismiss the petition because petitioner will still spend the rest of his life in prison whether the motion is granted or not, I would be sidestepping the central question the Circuit charged this court with answering.

Moreover, sentencing laws are fluid and have been and are changing, with some trends moving more quickly than others— witness the recent decisions in *Johnson* and *Davis* and the recent enactment of the First Step Act. Since no one can predict future changes in the law, if Rivera's motion otherwise complies with the rules for the filing of successive § 2255 petitions, there is no reason why this Court should not address the merits of the petition now.

*New Rule of Constitutional Law*

Notwithstanding that the Government concedes that *Johnson* and *Davis* established a new rule of constitutional law made retroactive to cases on collateral review, (citing *Hall v. United States,* 58 F.4th 55, 61-62 & n. 3 (2d Cir. 2023). *See* Govt. Opp. at pp. 10-11), the Government argues that the Court should not reach the merits of Rivera's claim because Rivera cannot demonstrate that he was convicted based on the unconstitutional "residual" clause, or that his conviction was not based, at least in part, on the constitutional "elements" clause. But it would be impossible for the Court to make either of those determinations without first conducting the "detailed review and factfinding" directed by the Circuit. Should the Court ultimately decide—after conducting its review—that Rivera's § 924 conviction was based on a valid predicate (the murder) and not based on the unconstitutional residual clause (the conspiracy to murder), the Court would dismiss the petition on the merits; as well as because Rivera had failed to make out a claim for relief in a successive § 2255 motion. But such a determination could only be made after a detailed review and factfinding by the Court. There is no way to short circuit that process.

*Procedural Default*

In a further effort to avoid reaching the merits of Rivera's claims, the Government argues that Rivera procedurally defaulted his *Davis* claim by failing to raise it on direct appeal from his judgment of conviction, and that he cannot show cause and actual prejudice, or actual innocence, to excuse his default.

A claim raised in a § 2255 motion that could have been raised, but was not raised, on direct review is deemed "procedurally defaulted." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant

7

is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."). Failure to raise a claim on direct review can result in procedural default even where there has been a change in the substantive criminal law, announced after the defendant's conviction became final, lending legal support to his claim. *E.g., Bousley*, 523 U.S. at 617-24; *Thorn*, 659 F.3d at 231- 33; *see also Harrington v. United States*, 689 F.3d 124, 128–29 (2d Cir. 2012) (confirming that procedural default rules govern review of claim based on "new substantive rules of federal criminal law" announced after defendant's conviction became final). A procedurally defaulted claim cannot be entertained unless the movant "can first demonstrate either (1) 'cause' and actual 'prejudice,' or [2] that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)).

It is hard to understand why the Government is arguing procedural default; the change in law Rivera relies on did not exist 20 or more years ago. And that means there was patently "cause" for the default. Prior to *Johnson* and *Davis*, Rivera's claim would have been "so novel that it was not reasonably available to counsel at the time." *See Vilar v. United States*, 16 cv 5283 (CS), 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020). "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Speed v. United States*, No. 16 CV 4500 (PKC), 2020 WL 7028814, at *3–4 (S.D.N.Y. Nov. 30, 2020) quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984); *see also Aquino v. United States*, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) (Castel, J.) (cause requirement satisfied and finding "that there was no procedural default in failing to raise a *Johnson*-type argument before *Johnson* was decided."); *Camacho v. United States*, 13 cr 58 (AKH), 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019) (finding cause existed where "Second Circuit

8

caselaw at the time of Petitioner's direct appeal foreclosed his § 924(c) argument, and the Supreme Court did not take up or decide *Johnson* until after Petitioner filed his direct appeal."). Therefore, Rivera has established cause for failing to raise the claim on direct appeal.

Rivera has also demonstrated prejudice. Rivera asserts that he was convicted and sentenced under a now-unconstitutionally vague statutory provision (the residual clause of section 924(c)(3)). If this contention is correct, then he would have suffered the prejudice of a legally invalid conviction and the burden of a sentence to be served after he dies.

At bottom, none of the "preliminary" issues raised by the Government to defeat Mr. Rivera's claims can be adjudicated without this Court's "detailed" review of the record and the district court's own factfinding. Accordingly, the Court will address the merits of Rivera's motion.

### The Merits of Petitioner's Davis Claim

Rivera argues that his § 924(c) firearms conviction (Count 3) should be set aside because the jury's verdict of guilty on that count was not predicated on a sustainable crime of violence. It is Rivera's position that neither Conspiracy to Commit Murder in Aid of Racketeering nor Murder in Aid of Racketeering is a predicate crime of violence to support a § 924(c) conviction.

*Murder in Aid of Racketeering Remains a Crime of Violence*

Dispensing first with Petitioner's argument that intentional murder is not a crime of violence: The Second Circuit has squarely held that the offense of murder in aid of racketeering, based on a violation of N.Y. Penal Law § 125.25(1), is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). *Stone v. United States,* 37 F.4th 825, 832 (2d Cir.), cert.

denied, 143 S. Ct. 396 (2022); *see also United States v. Laurent*, 33 F.4th 63, 80, 89 (2d Cir. 2022) (racketeering predicated on murder in violation of N.Y. Penal Law § 125.25(1) is a crime of violence); *United States v. Martinez*, 991 F.3d 347, 355 n.4 (2d Cir. 2021) (explaining that this Court "does not question whether intentional murder under New York law is a violent crime"); *United States v. Scott*, 990 F.3d 94, 100 (2d Cir. 2021) (en banc) (rejecting reasoning that "would preclude courts from recognizing even intentional murder [under N.Y. Penal Law § 125.25(1)] as a categorically violent crime").

Rivera contends that intentional murder is not a crime of violence because intentional murder "can happen in a non-violent way," such as by "omission." (Pet. 7). The Second Circuit rejected this argument— first with respect to New York First-Degree Manslaughter, under N.Y. Penal Law § 125.20(1), (*see Scott*, 990 F.3d at 125), and subsequently with respect to Intentional Murder in Aid of Racketeering, based on a violation of N.Y. Penal Law § 125.25(1). *See Stone*, 37 F.4th at 832. Writing for the majority in *Scott*, Judge Raggi explained the fallacy of the "omission" theory:

> . . . We reject this reasoning, which, carried to its logical—or illogical— conclusion, would preclude courts from recognizing even intentional murder as a categorically violent crime because, presumably, it is just as possible for a defendant to cause a person's death by omission when the defendant's specific intent is to kill, *see* N.Y. Penal Law § 125.25(1) (second-degree murder), as when his specific intent is to cause serious physical injury, *see id.* § 125.20(1) (first-degree manslaughter). We decline to take the law down a path leading so far from the violent reality of these two most serious, intentionally injurious homicide crimes.

*Scott*, 990 F.3d at 100.,

Accordingly, this prong of Petitioner's argument is a nonstarter.

*Rivera's Firearm Conviction was Predicated on a Crime of Violence*

In the alternative, Rivera argues that his § 924(c) conviction must nonetheless be vacated because the jury did not specify whether it based his § 924(c) conviction on the

actual murder, the conspiracy, or both. It is therefore possible, Rivera suggests, that the jury relied only on the Conspiracy to Commit Murder in Aid of Racketeering charged in Count 1, which no longer may serve as a predicate for a § 924(c) conviction. *See Davis*, 139 S. Ct. at 2336.

It is now settled law that conspiracy to commit murder can no longer serve as a predicate crime of violence to support a § 924(c) charge— full stop. *See Johnson*, 576 U.S. 591 (2015); *Davis*, 139 S. Ct. 2319. *See also, United States v. Taylor*, 142 S. Ct. 2015 (2022); *United States v. Pastore*, 36 F.4th 423, 428 (2d Cir. 2022); *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019). The jury at Rivera's trial was instructed (correctly at the time, erroneously now) that both the murder conspiracy and the substantive murder were predicate crimes of violence for the § 924(c) conviction. (*See* Pet. 7-9). The record, however, makes clear that Rivera cannot demonstrate that he was actually prejudiced by this instruction because the jury would have convicted him of the § 924(c) offense even if properly instructed that the substantive murder was the only predicate crime of violence.

Where disjunctive theories of culpability are submitted to the jury, and the jury returns a general verdict, the verdict must be set aside if it "is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *Yates v. United States*, 354 U.S. 298, 312 (1957); *see also United States v. Agrawal*, 726 F.3d 235, 250 (2d Cir. 2013) (discussing *Yates*). No *Yates* concern arises, however, where "it is not 'impossible to tell' whether the jury's conviction was based" on a valid ground. *United States v. Zvi*, 168 F.3d 49, 55 (2d Cir. 1999). Thus, the Second Circuit has affirmed convictions even upon the invalidation (or presumed invalidation) of one or more objects of a conspiracy, *see id.* at 55-56, theories of liability, *see Agrawal*, 726 F.3d at 250- 51; *United States v. Coppola*, 671 F.3d 220, 237-38 (2d Cir. 2012),

11

or racketeering predicate acts, *see United States v. Brennan*, 867 F.2d 111, 11416 (2d Cir. 1989).

More recently, the Second Circuit has left a § 924(c) conviction undisturbed where the record showed that the jury, though erroneously instructed that conspiracy to murder in aid of racketeering was a valid predicate for that offense, also relied on substantive murder in aid of racketeering in violation of N.Y.P.L. §§ 125.25(1) and 20.00, which remains a valid predicate after *Davis*. *Stone v. United States*, 37 F.4th at 829-33. In *Stone*, the habeas petitioner had been convicted of, among other offenses, conspiracy to murder in aid of racketeering and substantive murder in aid of racketeering in violation of N.Y.P.L. §§ 125.25 and 20.0, and the jury had been instructed that both of those offenses could serve as predicates for a § 924(c) conviction. 37 F.4th at 827. The petitioner appealed the denial of his § 2255 motion, raising a *Yates* error in the district court. The Second Circuit nonetheless affirmed the § 924(c) conviction. *See id.* at 831-32.

The *Stone* panel first explained that, in order to obtain collateral relief based on the purported *Yates* error, the petitioner had the burden of demonstrating "actual prejudice." *Id.* at 829. The Court of Appeals then held that the petitioner had not shown that he had been "prejudiced by the erroneous jury instruction stating that his § 924(c) conviction could be predicated on either or both of the two crimes, only one of which remains a constitutionally valid predicate," because "the jury found facts 'satisfying the essential elements of guilt' on the valid predicate of substantive murder in aid of racketeering 'that would have sustained a lawful conviction' on the firearm offense." *Id.* at 831-32. Specifically, the Second Circuit relied on the fact that the jury had convicted the petitioner of the substantive murder offense and the "uncontroverted evidence that he used a gun to commit that crime." *Id.* at 832. As a result, the Second Circuit concluded, the jury, if properly instructed as to the § 924(c) count, would have

convicted the petitioner based only on the still-valid predicate. *Id.*; *see also id.* at 831-32 (discussing *United States v. Eldridge*, 2 F. 4th 27 (2d Cir. 2021), which held that any error with respect to the invalid predicate was harmless because "the jury would have returned a guilty verdict if it had been instructed to use only the still-valid predicate for the § 924(c) charge"); *United States v. White*, 7 F.4th 90, 104 (2d Cir. 2021) (determining that § 924(c) conviction should stand if an indictment alleged two predicate crimes of violence, one of which had since been determined to be an invalid predicate, if there was evidence that a defendant committed the still-valid predicate offense).

Here, the evidence at trial established that Rivera participated in the murder of Efraim Torres following Torres's violent altercation with a member of the Latin Kings gang, in which Rivera held various leadership roles. (PSR ¶¶ 12-17; *see also* Sent. Tr. 8 (District Court adopting the PSR's description of Rivera's offense conduct)). Among other things, Rivera assembled the "death squad" that murdered Torres; spent days trying to locate Torres at Torres's mother's house and place of employment so that he could be killed; provided a .9 millimeter pistol to the designated triggerman to use in the shooting; and accompanied the designated triggerman on an unsuccessful attempt to murder Torres with the loaded pistol, before the triggerman ultimately found and murdered Torres in front of his family. (PSR ¶¶ 17-21, *see also* Trial Tr. 1696, 1725, 1735, 1755).

The evidence at trial established that Torres was in fact murdered with a firearm that Rivera had provided to the triggerman for the purpose of killing Torres. (PSR ¶¶ 18-21; *see also* Trial Tr. 1755). Rivera was charged with both conspiracy to murder Torres in aid of racketeering and with the actual murder of Torres in aid of racketeering. The jury convicted Torres of both offenses based on exactly the same conduct. On this record, the jury could not possibly have predicated its guilty verdict for Count Three's § 924(c) offense on the murder conspiracy charged

in Count One but not on the substantive murder charged in Count Two, of which Rivera was separately convicted. *See Stone*, 37 F. 4th at 832 (citing "ample evidence in the record that a properly instructed jury" would have found that the defendant used a firearm in relation to the substantive murder count, both because the jury convicted the defendant of that count and because the evidence established that the defendant committed the murder with a gun).

Rivera contends that the jury may have relied only on the murder conspiracy predicate in convicting him of the § 924(c) count because Rivera was not present during the physical commission of Torres's murder. (*See* Pet. 8). But Rivera's presence or absence during Torres's murder, however, has no bearing on whether the jury would have convicted him of the § 924(c) offense based only on the substantive murder predicate. Rivera was charged with aiding and abetting both the murder of Torres and the § 924(c) offense (*see, e.g.*, Trial Tr. 1991, 1995-1999), and the evidence at trial overwhelmingly established that Rivera did just that— by, among other things, assembling the "death squad" tasked with killing Torres and providing the firearm used to murder Torres to the designated triggerman. The Second Circuit has made clear, moreover, that the elements of the offense of conviction—not the theory of liability resulting in that conviction— determine whether an offense is a crime of violence. Aiding and abetting a crime of violence constitutes a valid predicate for purposes of a § 924(c) conviction. *See, e.g., Demartino v. United States*, No. 20-1758, 2022 WL 2445435, at *3 (2d Cir. July 6, 2022); *see also Boykin*, 2020 WL 774293, at *9 ("aiding and abetting [intentional murder in violation of N.Y.P.L. § 125.25(1)] is no less a categorical crime of violence"); *United States v. McCoy*, 995 F.3d 32, 58 (2d Cir. 2021) (holding that crimes of violence based on aiding-and-abetting theory "are proper predicates for § 924(c) liability"), *vacated on other grounds*, 142 S. Ct. 2860 & 2863 (2022).

In *McCoy*, the Second Circuit affirmed three § 924(c) convictions, two of which were predicated on aiding and abetting attempted Hobbs Act robbery and one of which was predicated

on aiding and abetting completed Hobbs Act robbery. 995 F.3d at 57. The Supreme Court vacated *McCoy* and remanded for further consideration in light of *Taylor*, thus abrogating *McCoy*'s holding that attempted Hobbs Act robbery is a crime of violence. But *Taylor* does not disturb *McCoy*'s holding that aiding and abetting a crime of violence is a valid § 924(c) predicate. Furthermore, on remand from the Supreme Court, the Second Circuit again affirmed the § 924(c) conviction predicated on aiding and abetting completed Hobbs Act robbery; and in doing so, the Court not only rejected several new arguments but also incorporated "the reasons stated in our earlier opinion." *United States v. McCoy*, 58 F.4th 72, 75 (2d Cir. 2023). Thus, under controlling Second Circuit precedent, aiding and abetting a valid crime of violence, such as intentional murder in aid of racketeering, is a valid § 924(c) predicate.

Accordingly, Rivera's motion to vacate his firearms conviction is denied—the petition is dismissed.[3]

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Rivera's motion would not be taken in good faith. *See Feliz v. United States*, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).

This constitutes the decision and order of the Court.

Dated: October 24, 2023

_____
Colleen McMahon, U.S.D.J.

---

[3] The Court having determined—after conducting its review—that Rivera's § 924 conviction was based on a valid predicate (the murder), the petition is dismiss on the merits; as well as on the alternative ground that Rivera has failed to make out a claim for relief in a successive § 2255 motion.