UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                                        98 CR 290-03 (CM)

RAUL RIVERA,

                Respondent.
----------------------------------------x

### DECISION ON DEFENDANT'S MOTION FOR A SENTENCING REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

McMahon, J.:

    This Court sentenced Raul Rivera 25-years ago to life imprisonment in connection with his participation in the murder of Efraim Torres by members of the Latin Kings, a violent street gang whose members engage in criminal acts including narcotics distribution, murders, robberies, and assaults. (Presentence Report ("PSR") ¶ 9). Rivera, who held a leadership position within the gang, organized the "death squad" to kill Torres, provided the firearm to the designated triggerman for the purpose of killing Torres, and engaged in other acts to aid and abet Torres's murder. (*See* PSR ¶¶ 17-21).

    Before the Court is Rivera's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), comprised of a *pro se* motion filed on April 24, 2023 (Dkt. 254), a supplemental brief filed by counsel on July 13, 2023 (Dkt. 260), and a letter by counsel in reply to the Government's opposition filed August 31, 2023 (Dkt. 268). Rivera argues primarily that he "has been remorseful and purposeful in his rehabilitation and in his efforts to be better and to show others in prison how to be better over these past 25 years." (Dkt. 260 at 3). In support of this argument, Rivera points in particular to his "admirable record in prison," including his

1

participation in educational opportunities and many other programs while incarcerated, and his "strong family ties and support," as evidenced by letters from family members describing, among other things, how Rivera has changed over the course of his imprisonment. (*Id.*) Rivera also contends that compassionate release is warranted due to the harsh conditions of confinement caused by the Covid-19 pandemic.

Oddly, Rivera's best argument for possibly reducing his sentencing is buried in a short passage at the end of counsel's reply papers: "Mr. Rivera's age at the time of the offense conduct, also is a factor for the Court fairly to consider at this time. He was only 23 years old, not a teenager, *See Miller v. Alabama,* 567 U.S. 460 (2012), but given the difficult circumstances under which he grew up detailed in the Presentencing Report ("PSR") and in our initial motion (ECF # 260), and given his obvious lack of maturity and mental development, his undeveloped brain by any measure was that of an adolescent living in a man's body." *See* (Dkt. 268) Def. Reply at 7. Indeed, the Court had previously reduced one of Rivera's codefendant's sentence from life in prison to 25 years in prison, based on *Miller* and its progeny.

The Government argues that Rivera's motion fails because he has failed to exhaust his administrative remedies with the Bureau of Prisons, has not established an extraordinary and compelling reason warranting his release, and any reduction in Rivera's sentence would be inconsistent with the factors set forth in Section 3553(a).

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i).

A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, any reduction of a defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). Those applicable policy statements—there are six—are set forth in the United States Sentencing Guidelines § 1B1.13.

Finally, neither the recent amendment to the Guidelines nor *Brooker* changed the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must also consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they remain applicable, and determine whether they counsel for or against release. A court always retains discretion to deny a motion for compassionate release if, in its view, the § 3553(a) factors override what would otherwise present extraordinary and compelling circumstances for release.

<u>Rivera Has Not Exhausted his Administrative Remedies in the Bureau of Prisons</u>

Rivera's motion under Section 3582(c)(1)(A) must be denied for failure to exhaust his administrative remedies. In his motion, Rivera does not contest that he failed to file a

compassionate release petition with the Bureau of Prisons ("BOP"). He argues, however, that his failure to exhaust his administrative remedies should nonetheless be excused. (Dkt. 260 at 3–5). Pursuant to Section 3582(c)(1)(A), a compassionate release motion may be made in the district court by either the BOP or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As this Court has repeatedly recognized, "the administrative-exhaustion requirement is mandatory and cannot be waived." *United States v. Johnson*, No. 10 Cr. 431 (CM), 2021 WL 1222234, at *2 (S.D.N.Y. Apr. 1, 2021); *see United States v. Guzman*, No. 11 Cr. 514 (CM), 2022 WL 1120284, at *1 (S.D.N.Y. Jan. 5, 2022) ("where a compassionate release motion is brought by a defendant who has not 'fully exhausted all administrative rights,' the district court 'may not' modify his term of imprisonment"); *United States v. Wright*, No. 17 Cr. 695 (CM), 2020 WL 1922371, at *3 (S.D.N.Y. Apr. 20, 2020) (holding that "compliance with a statutorily imposed exhaustion requirement could not be waived by a court in the absence of the government's consent"); *United States v. Colon*, No. 10 Cr. 197-02 (CM), 2020 WL 4496761, at *1 (S.D.N.Y. Aug. 4, 2020) (same).

Because Rivera has filed no motion with the BOP, he has plainly failed to exhaust his administrative remedies as required by Section 3582(c)(1)(A).

The motion is denied.[1]

---

[1] If defendant does exhaust his administrative remedies and chooses to file again in the district court, I would suggest counsel drop the inapposite references to Bob Dylan's Blowing in the Wind, and rather develop his *Miller* argument— perhaps the only "plausible" argument.

4

This constitutes the decision and order of the Court.

Dated: April 8, 2025

                                            Colleen McMahon
                               United States District Court Judge